Maxim B. Litvak (SBN 215852)
**PACHULSKI STANG ZIEHL & JONES LLP**
One Sansome Street, Suite 3430
San Francisco, CA 94104
Telephone: 415.263.7000
Email: mlitvak@pszjlaw.com

Hamid R. Rafatjoo (SNB 181564)
**RAINES FELDMAN LLP**
1800 Avenue of the Stars, 12th Floor
Los Angeles, CA 90067
Telephone: 310.440.4100
Facsimile: 310.691.1367
Email: hrafatjoo@raineslaw.com

Carollynn H.G. Callari (*pro hac vice*)
David S. Forsh (*pro hac vice*)
**RAINES FELDMAN LLP**
1350 Avenue of the Americas, 22nd Floor
New York, NY 10019
Telephone: 917.790.7100
Email: ccallari@raineslaw.com
       dforsh@raineslaw.com

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

| | |
|---|---|
| In re:<br><br>MARINER HEALTH CENTRAL, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 4:22-bk-41079-WJL<br><br>(Jointly Administered)<br><br>**DEBTORS' MOTION TO EXTEND EXCLUSIVITY PURSUANT TO SECTION 1121(d) OF THE BANKRUPTCY CODE**<br><br>[ No Hearing Required ]<br><br>The Hon. William J. Lafferty III |

---

[1] The Debtors, along with the last four digits of each Debtor's tax identification number, are: Mariner Health Central, Inc. (6203), Parkview Holding Company GP, LLC (1536), and Parkview Operating Company, LP (7273). The Debtors' headquarters are located at 3060 Mercer University Drive, Suite 200, Atlanta, GA 30341.

The debtors and debtors in possession in the above-captioned bankruptcy cases (collectively, the "**Debtors**") hereby submit this motion (the "**Motion**") for the entry of an order, pursuant to section 1121(d) of title 11 of the United States Code (the "**Bankruptcy Code**"), extending the Debtors' period of exclusivity for filing a plan to and including **April 17, 2023**, and extending the Debtors' period for obtaining acceptance of such plan to and including **June 16, 2023**, without prejudice to the Debtors' right to seek additional extensions of such periods.

As set forth in the Debtors' motion to shorten time filed contemporaneously herewith, the Debtors seek this relief on an expedited basis because the Debtors' present period of exclusivity will expire on January 17, 2023. Pursuant to section 102(1) of the Bankruptcy Code and rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Court may grant the requested relief without further notice or hearing, or may schedule a hearing if necessary, on or before such date.

This Motion is based upon the argument herein, the accompanying memorandum of points and authorities, the record of these cases, and such other authority and argument as may be presented at any hearing on this Motion.

Dated: January 13, 2023          **RAINES FELDMAN LLP**

 */s/ Hamid R. Rafatjoo*
Hamid R. Rafatjoo
Carollynn H.G. Callari (*pro hac vice*)
David S. Forsh (*pro hac vice*)

*Counsel for the Debtors and Debtors in Possession*

# MEMORANDUM OF POINTS AND AUTHORITIES [2]

## JURISDICTION, VENUE AND PREDICATES FOR RELIEF

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (L) and (O).

The predicates for the relief sought herein are sections 102(1), 105(a) and 1121(d) of the Bankruptcy Code and Bankruptcy Rule 9006(c)(1).

## BACKGROUND

On September 19, 2022, the Debtors commenced these chapter 11 cases by filing petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware. The Debtors are operating, with direction from an independent manager and director (the "**Independent Director**") and a chief restructuring officer, as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Official Committee of Unsecured Creditors (the "**Committee**") was appointed on October 7, 2022.

On October 25, 2022, venue of these chapter 11 cases was transferred to this Court [Dkt. No. 160]. The Debtors and other parties in interest first appeared before this Court at a status conference held on November 8, 2022.

On November 3, 2022, the Debtors withdrew their pending application that had been filed on October 3, 2022 to retain counsel to assist the Independent Director in investigating certain key issues in these cases [Dkts. 62, 175], after opposition from the United States Trustee for this District received on November 1, 2022 [Dkt. 169].

On November 7, 2022, the Debtors filed an application to retain alternative counsel for the Independent Director, which application was granted on November 18, 2022. [Dkts. 189, 244].

On November 14, 2022, an agreed protocol for an investigation by the Independent Director was filed by the Committee. [Dkt. 222].

---

[2] Capitalized terms used and not defined herein have the meaning ascribed in the Motion.

On November 29, 2022, the Court entered an order establishing certain deadlines for filing claims in these chapter 11 cases, including a general claims bar date of January 23, 2023 at 5:00 p.m. (Pacific Time). [Dkt. 272].

After extensive negotiation, on December 16, 2022, the Debtors and the Committee agreed to and filed a stipulated protective order. [Dkt. 302]. After objection and further negotiation, a revised stipulated protective order was filed on December 29, 2022, and entered on December 30, 2022. [Dkts. 323, 324, 326].

At a hearing held on December 21, 2022, the Court encouraged the parties to confer regarding the possibility of mediation or other negotiated avenues to move these cases and the issues forward. As discussed at the status conference held on January 11, 2023, the parties did confer and shared the view that at this stage such efforts would be premature.

Unless extended, the Debtors' period of exclusivity to file a plan will expire on January 17, 2023 and their period to solicit acceptances will expire on March 18, 2023.

## RELIEF REQUESTED

By this Motion, the Debtors seek entry of an order, substantially in the form attached as Exhibit A to the accompanying notice, extending the Debtors' exclusivity periods for 90 days. Specifically, the Debtors seek extension of the period during which the Debtors have the exclusive right to file any plan through and including **April 17, 2023**, and of the period for the Debtors to obtain acceptances of any such plan through and including **June 16, 2023**, without prejudice to the Debtors' right to seek additional extensions of such periods. The requested extension of these exclusivity periods is appropriate under the circumstances and is in the best interests of the Debtors, their estates and creditors.

## BASIS FOR RELIEF REQUESTED

The Bankruptcy Code provides chapter 11 debtors in possession with the exclusive right to file a plan for 120 days after the commencement of the case and to solicit plan acceptances for 180 days after the commencement of the case. 11 U.S.C. § 1121(c). These periods may be extended for cause, such that a debtor may have the exclusive ability to file a plan for up to 18 months and solicit acceptance for up to 20 months. 11 U.S.C. § 1121(d)(1), (2).

The Bankruptcy Code does not define "cause" for purposes of section 1121(d), and the legislative history documents that this allows flexibility for bankruptcy courts to extend exclusivity "depending on the circumstances of the case."[3] Accordingly, this is a fact-specific inquiry largely within the discretion of the bankruptcy court.

In evaluating cause for exclusivity extensions, factors that are commonly considered include:

(i) the size and complexity of the debtor's case;

(ii) the necessity for sufficient time to permit the debtor to negotiate a chapter 11 plan and prepare adequate information;

(iii) the existence of good faith progress towards reorganization;

(iv) the fact that the debtor is paying its bills as they become due;

(v) whether the debtor has demonstrated reasonable prospects for filing a viable plan;

(vi) whether the debtor has made progress in negotiations with its creditors;

(vii) the amount of time which has elapsed in the case;

(viii) whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and

(ix) whether an unresolved contingency exists.[4]

These factors are not exclusive, nor must they all be satisfied.[5]

For these chapter 11 cases, the path to a filed plan has been adversely impacted by the transfer of venue, which among other things led to delays in (i) the retention of counsel by the Independent Director to assist in investigating key issues in this case, (ii) establishing a bar date for the filing of proofs of claim against the Debtors, (iii) stay relief for the Debtors to pursue a key appeal for these cases and for the benefit of creditors as a whole, (iv) resolution of pending

---

[3] *See* H.R. Rep. No. 95-595, at 231–32 (1978), reprinted in 1978 U.S.C.C.A.N. 5963 (recognizing the need for flexibility to allow the debtor adequate time to negotiate settlement of debts without interference "depending on the circumstances of the case").

[4] *See In re New Meatco Provisions, LLC*, No. 2:13-BK-22155-PC, 2014 WL 917335, at *3 (Bankr. C.D. Cal. Mar. 10, 2014) (citing cases); *see also In re Adelphia Commc'ns*, 352 B.R. 578, 587 (Bankr. S.D.N.Y. 2003) (these factors are "considered in making determinations of this character").

[5] *In re Clinton Nurseries, Inc.*, No. 17-31897 (JJT), 2018 WL 3245040, at *2 (Bankr. D. Conn. July 2, 2018) ("Not all factors are relevant to every case, but the existence of even one of the factors may be sufficient to extend debtors' exclusivity period.") (citation omitted).

adversary proceedings seeking injunctive relief to minimize burdens on the Debtors and facilitate reorganization efforts; and (v) negotiations among the parties generally. However, the Debtors are progressing towards a plan, particularly with an agreement being reached with the Committee on an investigation protocol for the Independent Director and on a protective order for discovery from the Debtor.

Although this investigation and discovery has commenced and are ongoing, these efforts are still in the early stages. The investigation protocol has been in place for less than 2 months, and the protective order was entered less than 2 weeks ago. As discussed at the status conference held on January 11, 2023, in response to the Court's comments at the December 21, 2022 hearing, the parties conferred in good faith to consider mediation to pursue a negotiated resolution of these cases but share the view that such efforts are premature at this time. These chapter 11 cases, while of limited size, involve complex claims and relationships among the Debtors, creditors, regulators, and other parties in interest. While almost 120 days have passed since the commencement of these cases, the issues in these cases and the related investigations and negotiations are in their infancy. The filing of a plan at this time by the Debtors would not be productive and would likely engender needless and wasteful litigation that will distract from further progress on key issues in these cases. However, absent the extension of exclusivity on or before January 17, 2023, the Debtors may nonetheless be compelled to file a plan promptly to avoid even worse outcomes and chaos from the expiration of exclusivity.

As recognized by the Court in its memorandum opinion entered on January 12, 2023, the record of these cases shows that Debtors have generally stable operations that are producing revenues sufficient to pay expenses, and have made progress on key process issues with the Committee and otherwise. *See* Dkt. 341 at 23-24. With cash flow from operations, fully unencumbered assets, and potential litigation claims, the Debtors have options for funding a plan of reorganization with creditor recoveries that are superior to a liquidation alternative. While one specific group of uniquely-situated creditors may be expected to oppose any plan of reorganization by the Debtors under any reasonably likely set of circumstances, the Debtors have many different creditor constituencies, including constituencies likely to support the Debtors' reorganization.

6
Case: 22-41079    Doc# 348    Filed: 01/13/23    Entered: 01/13/23 09:22:27    Page 6 of 8

Under these circumstances, the Debtors submit that they plainly have reasonable prospects for filing a viable plan in these cases.

This is the Debtors' first request to extend exclusivity. This request is made to avert unnecessary litigation efforts, to facilitate negotiations with creditors on a plan, and to *avoid* pressuring creditors into submission. The Debtors note that several contingencies remain outstanding and the extension of exclusivity will allow parties to better evaluate these contingencies and any proposed plan. With the bar date approaching on January 23, 2023, the parties will soon be able to determine the universe of claims to be resolved by the plan. Additional time will also be helpful for the Independent Director's investigation efforts, for the Committee's discovery efforts, and for the Debtors' appeal of the Ledesma Judgment, and for negotiations generally. In contrast, terminating the Debtors' exclusivity to allow creditors to propose their own plans at this stage of these cases would serve no beneficial purpose whatsoever and would only increase the litigiousness and expense of these cases. Allowing this to occur would be contrary to the Bankruptcy Code's purposes and Congressional intent to afford debtors the full and fair opportunity to formulate and pursue a chapter 11 plan. Accordingly, the relief requested herein is in the best interests of the Debtors, their estates and their creditors.

## REQUEST FOR EXPEDITED RELIEF

The Debtors request that the Court grant the requested relief on or before January 17, 2023 to avoid the termination of exclusivity and the resulting potential for irreparable harm to the Debtors and their estates. The Debtors submit that no hearing on the requested relief is necessary, as the record of these cases is not subject to reasonable dispute and in light of the discussion on the record of the issues herein at the status conference held on January 11, 2023. However, to the extent that the Court determines a hearing is necessary, the Debtors request that such hearing be set on or before January 17, 2023. Such relief is within the Court's inherent power to manage its docket and its powers pursuant to section 105(a) of the Bankruptcy Code, is "appropriate in the particular circumstances" of this case in accordance with section 102(1) of the Bankruptcy Code, and is authorized at the Court's discretion pursuant to Bankruptcy Rule 9006(c)(1).

## NOTICE

Notice of this Motion has been provided by ECF. In addition, notice of the Motion and of the request for expedited relief has been provided by email to the following: the United States Trustee, the Patient Care Ombudsman, counsel for the Committee, counsel for the Ledesma Action plaintiffs, and all other counsel with a filed notice of appearance in these chapter 11 cases. The Debtors submit that, in light of the nature of the relief requested, no other or further notice is required.

## CONCLUSION

**WHEREFORE**, the Debtors respectfully request entry of an order, on or before January 17, 2023 and substantially in the form attached as Exhibit A to the accompanying notice, granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: January 13, 2023  **RAINES FELDMAN LLP**

 /s/ Hamid R. Rafatjoo
Hamid R. Rafatjoo
Carollynn H.G. Callari (*pro hac vice*)
David S. Forsh  (*pro hac vice*)

*Counsel for the Debtors and Debtors in Possession*