1  Maxim B. Litvak (SBN 215852)
   **PACHULSKI STANG ZIEHL & JONES LLP**
2  One Sansome Street, Suite 3430
   San Francisco, CA 94104
3  Telephone: 415.263.7000
   Email: mlitvak@pszjlaw.com
4
   Hamid R. Rafatjoo (SNB 181564*)*
5  **RAINES FELDMAN LLP**
   1800 Avenue of the Stars, 12th Floor
6  Los Angeles, CA 90067
   Telephone: 310.440.4100
7  Facsimile: 310.691.1367
   Email: hrafatjoo@raineslaw.com
8
   Carollynn H.G. Callari (*pro hac vice*)
9  David S. Forsh (*pro hac vice*)
   **RAINES FELDMAN LLP**
10 1350 Avenue of the Americas, 22nd Floor
   New York, NY 10019
11 Telephone: 917.790.7100
   Email: ccallari@raineslaw.com
12         dforsh@raineslaw.com

13              **UNITED STATES BANKRUPTCY COURT**
          **NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

14 | In re: | Chapter 11 |

15 MARINER HEALTH CENTRAL, INC., *et al.*,[1]   Case No. 4:22-bk-41079-WJL

16        Debtors.                              (Jointly Administered)

17                                              ***EX PARTE* MOTION TO SHORTEN**
                                                **TIME ON DEBTORS' MOTION TO**
18                                              **EXTEND EXCLUSIVITY PURSUANT**
                                                **TO SECTION 1121(d) OF THE**
19                                              **BANKRUPTCY CODE**

20                                              [ No Hearing Required ]

21                                              The Hon. William J. Lafferty III

22

23

24

25

26

---

[1] The Debtors, along with the last four digits of each Debtor's tax identification number, are: Mariner Health Central, Inc. (6203), Parkview Holding Company GP, LLC (1536), and Parkview Operating Company, LP (7273). The Debtors' headquarters are located at 3060 Mercer University Drive, Suite 200, Atlanta, GA 30341.

The debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned bankruptcy cases (the "**Bankruptcy Cases**"), hereby submit this motion to shorten time on the *Debtors' Motion to Extend Exclusivity Pursuant to Section 1121(d) of the Bankruptcy Code* (the "**Exclusivity Motion**"), filed contemporaneously herewith, which seeks an extension of 90 days for the Debtors' exclusive periods for filing and obtaining acceptance of a plan. Expedited consideration of and relief on the Exclusivity Motion is warranted because the Debtors' period of exclusivity for filing a plan will expire on January 17, 2023. Accordingly, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A**, shortening the notice period for the Exclusivity Motion to require any response or opposition thereto by January 16, 2023 and scheduling a hearing thereon no later than January 17, 2023. In support hereof, the Debtors rely on the declaration attached hereto as **Exhibit B** and respectfully represent as follows:

## JURISDICTION, VENUE AND PREDICATES FOR RELIEF

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (O).

The predicates for the relief sought herein are sections 102(1) and 105(a) of the Bankruptcy Code, rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 9006-1(c) of the Bankruptcy Local Rules.

## ARGUMENT

Unless extended, the Debtors' period of exclusivity to file a plan will expire on January 17, 2023 and their period to solicit acceptances will expire on March 18, 2023. As discussed on the record at the status conference held on January 11, 2023, and as set forth further in the Exclusivity Motion, while key parties are willing to confer and negotiate or mediate, there is broad agreement that at this time such efforts are premature. The investigations into and discovery on central issues in these cases are progressing but remain in the early stages. The filing of a plan at this time by the Debtors would not be productive and would only engender needless litigation that will distract from further progress and waste estate assets. Likewise, terminating the Debtors' exclusivity to allow creditors to propose their own plans would serve no beneficial purpose whatsoever at this stage of

these cases and only increase the litigiousness and costs of these cases to the detriment of the estates and creditor body as a whole. Accordingly, the relief requested in the Exclusivity Motion is in the best interests of the Debtors, their estates and their creditors.

The Debtors respectfully request that the Court grant the relief requested in the Exclusivity Motion on or before January 17, 2023. Shortening time on the Exclusivity Motion is appropriate to avoid the expiration of exclusivity on January 17, 2023 and the resulting potential for pointless and irreparable harm to the Debtors, their estates and their creditors. The Debtors submit that further notice and hearing on the requested relief is not necessary, as the record of these cases and the arguments made herein and in the Exclusivity Motion are not subject to reasonable dispute, and in light of the prior notice to all parties from the discussion on the record of the issues herein at the status conference held on January 11, 2023. However, to the extent that the Court determines that further notice or a hearing is necessary, the Debtors request that (i) any responses or objections to the Exclusivity Motion be in writing and filed no later than **January 16, 2023**, and (ii) any such hearing be set on or before **January 17, 2023**.

Granting the relief requested herein, and the relief requested in the Exclusivity Motion, is within the Court's inherent power to manage its docket and its powers pursuant to section 105(a) of the Bankruptcy Code, is "appropriate in the particular circumstances" of this case in accordance with section 102(1) of the Bankruptcy Code, is authorized at the Court's discretion pursuant to Bankruptcy Rule 9006(c)(1), and is consistent with Bankruptcy Local Rule 9006-1(c).

**NOTICE**

Notice of this motion and the Exclusivity Motion has been provided by ECF, and by email to the following: the United States Trustee, the Patient Care Ombudsman, counsel for the Committee, counsel for the Ledesma Action plaintiffs, and all other counsel with a filed notice of appearance in these chapter 11 cases. The Debtors submit that, in light of the nature of the relief requested, no other or further notice is required.

*[ remainder of page intentionally left blank ]*

1

<u>**CONCLUSION**</u>

2      **WHEREFORE**, the Debtors respectfully request entry of an order, substantially in the form

3  attached hereto as Exhibit A, granting the relief requested herein and such other and further relief

4  as the Court may deem just and appropriate.

5

6  Dated: January 13, 2023                    **RAINES FELDMAN LLP**

7

8                                             */s/ Hamid R. Rafatjoo*
                                             Hamid R. Rafatjoo
9                                             Carollynn H.G. Callari (*pro hac vice*)
                                             David S. Forsh  (*pro hac vice*)
10
                                             *Counsel for the Debtors and Debtors in Possession*
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**EXHIBIT A**

2

**(Proposed Order Shortening Time)**

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  Maxim B. Litvak (SBN 215852)
**PACHULSKI STANG ZIEHL & JONES LLP**
2  One Sansome Street, Suite 3430
San Francisco, CA 94104
3  Telephone: 415.263.7000
Email: mlitvak@pszjlaw.com
4
Hamid R. Rafatjoo (SNB 181564)
5  **RAINES FELDMAN LLP**
1800 Avenue of the Stars, 12th Floor
6  Los Angeles, CA 90067
Telephone: 310.440.4100
7  Facsimile: 310.691.1367
Email: hrafatjoo@raineslaw.com
8
Carollynn H.G. Callari (*pro hac vice*)
9  David S. Forsh (*pro hac vice*)
**RAINES FELDMAN LLP**
10  1350 Avenue of the Americas, 22nd Floor
New York, NY 10019
11  Telephone: 917.790.7100
Email: ccallari@raineslaw.com
12       dforsh@raineslaw.com

13          **UNITED STATES BANKRUPTCY COURT**
        **NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

14

15  In re:                                    Chapter 11

16  MARINER HEALTH CENTRAL, INC., *et al.*,[1]    Case No. 4:22-bk-41079-WJL

17          Debtors.                          (Jointly Administered)

18                                            **ORDER GRANTING MOTION TO
                                            SHORTEN TIME ON DEBTORS'**
19                                            **MOTION TO EXTEND
                                            EXCLUSIVITY PURSUANT TO**
20                                            **SECTION 1121(d) OF THE
                                            BANKRUPTCY CODE**
21
                                            [No Hearing Required]
22
                                            The Hon. William J. Lafferty III
23

24

25

26

27  [1]  The Debtors, along with the last four digits of each Debtor's tax identification number, are: Mariner
     Health Central, Inc. (6203), Parkview Holding Company GP, LLC (1536), and Parkview Operating
28   Company, LP (7273).  The Debtors' headquarters are located at 3060 Mercer University Drive, Suite
     200, Atlanta, GA 30341.

Upon the *Ex Parte Motion to Shorten Time on Debtors' Motion to Extend Exclusivity Pursuant to Section 1121(d) of the Bankruptcy Code* (the "**Motion**") dated January 13, 2023 of the debtors and debtors in possession in the above-captioned bankruptcy cases (collectively, the "**Debtors**"); and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as provided herein.

2. [The hearing on the *Debtors' Motion to Extend Exclusivity Pursuant to Section 1121(d) of the Bankruptcy Code* (the "**Exclusivity Motion**") will be held on **January 17, 2023 at [●] via ZoomGov.**]

3. Any responses or objections to the Exclusivity Motion shall be filed and served no later than **January 16, 2023**.

4. The Debtors shall promptly serve a copy of this Order by email on all parties filing a notice of appearance in these chapter 11 cases.

** END OF ORDER **

1

**EXHIBIT B**

2

**(Supporting Declaration)**

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Maxim B. Litvak (SBN 215852)
**PACHULSKI STANG ZIEHL & JONES LLP**
One Sansome Street, Suite 3430
San Francisco, CA 94104
Telephone: 415.263.7000
Email: mlitvak@pszjlaw.com

Hamid R. Rafatjoo (SNB 181564*)*
**RAINES FELDMAN LLP**
1800 Avenue of the Stars, 12th Floor
Los Angeles, CA 90067
Telephone: 310.440.4100
Facsimile: 310.691.1367
Email: hrafatjoo@raineslaw.com

Carollynn H.G. Callari (*pro hac vice*)
David S. Forsh (*pro hac vice*)
**RAINES FELDMAN LLP**
1350 Avenue of the Americas, 22nd Floor
New York, NY 10019
Telephone: 917.790.7100
Email: ccallari@raineslaw.com
        dforsh@raineslaw.com

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

| | |
|---|---|
| In re:<br><br>MARINER HEALTH CENTRAL, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 4:22-bk-41079-WJL<br><br>(Jointly Administered)<br><br>**DECLARATION OF DAVID S. FORSH IN SUPPORT OF *EX PARTE* MOTION TO SHORTEN TIME ON DEBTORS' MOTION TO EXTEND EXCLUSIVITY PURSUANT TO SECTION 1121(d) OF THE BANKRUPTCY CODE**<br><br>[ No Hearing Required ]<br><br>The Hon. William J. Lafferty III |

---

[1]  The Debtors, along with the last four digits of each Debtor's tax identification number, are: Mariner Health Central, Inc. (6203), Parkview Holding Company GP, LLC (1536), and Parkview Operating Company, LP (7273).  The Debtors' headquarters are located at 3060 Mercer University Drive, Suite 200, Atlanta, GA 30341.

I, David S. Forsh, declare as follows:

1.     I am a partner of Raines Feldman LLP, counsel to Mariner Health Central, Inc., Parkview Holding Company GP, LLC, and Parkview Operating Company, LP (collectively, the "**Debtors**").  I submit this declaration in support of the *Ex Parte Motion to Shorten Time on Debtors' Motion to Extend Exclusivity Pursuant to Section 1121(d) of the Bankruptcy Code* (the "**Motion**").  Capitalized terms used and not defined herein have the meaning ascribed in the Motion.

2.     The Motion seeks to shorten time on the *Debtors' Motion to Extend Exclusivity Pursuant to Section 1121(d) of the Bankruptcy Code*, filed contemporaneously herewith, because the Debtors' exclusive period to file a plan will expire on January 17, 2023, and the continuation of exclusivity is in the best interests of the Debtors, their estates and their creditors, all as more fully set forth therein.

3.     There have been no prior time modifications related to the subject to this request.

4.     The effect of the requested time modification, apart from a hearing if necessary on January 17, 2023, will be to preserve and avoid disruption to the schedule of these chapter 11 cases.

5.     Contemporaneously with the filing of the Motion, and in addition to notice by ECF and email thereof, I spoke or attempted to speak with counsel for the Committee and the United States Trustee to provide further notice of the requested relief.


I declare under penalty of perjury under the laws of the State of New York and the United States of America that the foregoing is true and correct.

Executed this 13th day of January 2023, in Harrison, New York.


                                        */s/ David S. Forsh*
                                        David S. Forsh