GREGORY S. POWELL (CA SBN 182199)
Assistant United States Trustee
JASON BLUMBERG (CA SBN 330150)
Trial Attorney
ELVINA ROFAEL (CA SBN 333919)
Trial Attorney
UNITED STATES DEPARTMENT OF JUSTICE
Office of the U.S. Trustee
450 Golden Gate Avenue, 5th Floor, Suite #05-0153
San Francisco, CA 94102
Telephone: (415) 252-2080
Facsimile: (415) 705-3379
Email: jason.blumberg@usdoj.gov
       elvina.rofael@usdoj.gov

Attorneys for Tracy Hope Davis,
United States Trustee for Region 17

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| In re:<br><br>MARINER HEALTH CENTRAL, INC., *et al.*,<br><br>Debtors.[1] | Bankruptcy Case<br>No. 22-41079 WJL (lead case)<br><br>(Jointly Administered)<br><br>Chapter 11<br><br>Hearing Date: Hearing Requested<br>Hearing Time: Hearing Requested<br>Location: In Person or Zoom<br><br>Judge: William J. Lafferty |

**OBJECTION AND RESERVATION OF RIGHTS OF THE UNITED STATES TRUSTEE TO THE AMENDED FIRST INTERIM FEE APPLICATION OF PACHULSKI STANG ZIEHL & JONES LLP (ECF NO. 465)**

---

[1] The Debtors, along with the last four digits of each Debtors' tax identification number, are Mariner Health Central, Inc. (6203), Parkview Holding Company GP, LLC (1536), and Parkview Operating Company, LP (7273). The Debtors' headquarters are located at 3060 Mercer University Drive, Suite 200, Atlanta, GA 30341.

Tracy Hope Davis, United States Trustee for Region 17 (the "UST"), by and through her undersigned counsel, hereby files this objection to the amended first interim fee application (ECF No. 465) (the "Amended First Interim Fee Application") of Pachulski Stang Ziehl & Jones LLP (the "Firm"), co-counsel for the debtors in possession (the "Debtors"). In support of her Objection, the UST respectfully represents as follows:

## I. INTRODUCTION

1. The Firm's fee request should be reduced for four reasons. *First*, the Firm's time records reflect several instances where multiple attorneys billed time for attending hearings with Raines Feldman LLP ("Raines Feldman"), the Debtors' co-counsel. Absent a satisfactory explanation, the associated fees of **$16,705** should be denied.

2. *Second*, the Firm's time records include two entries for which the recorded time exceeds the amount reflected in the underlying task descriptions. Due to the apparent time miscount, the Firm's fee request should be reduced by **$169**.

3. *Third*, the fee request includes approximately **$16,551.50** for the services of at least six attorneys who each billed less than ten hours on the case. Absent a satisfactory explanation, the fees incurred by these transitory billers should be denied.

4. *Fourth*, the Firm's time records include approximately 79 entries (totaling approximately $20,225) for which the task description may be too vague to allow the Court to make a meaningful assessment of the necessity of the communication and/or services described therein. The fees associated with these time entries should be denied or reduced by 50% (approximately **$10,112.50**). Alternatively, the Firm should be required to amend the Amended First Interim Fee Application to better describe the communications and services at issue.

5. The UST reserves her rights to object to any and all amendments and supplements to the Amended First Interim Fee Application.[2]

## II. STATEMENT OF FACTS

6. On September 19, 2022, the Debtors commenced these Chapter 11 cases by filing voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the District of Delaware (the "Delaware Bankruptcy Court"). *See* ECF No. 1. The Debtors are currently debtors-in-possession under sections 1107 and 1108 of the Bankruptcy Code.

7. On September 21, 2022, the Delaware Bankruptcy Court entered an order authorizing the joint administration of these cases for procedural purposes. *See* ECF No 31.

8. On October 7, 2022, the UST for Region 3 appointed the official committee of unsecured creditors.[3] *See* ECF No. 83.

9. On October 25, 2022, the UST for Region 3 appointed Blanca E. Castro, the State of California's Long-Term Care Ombudsman, as the patient care ombudsman for the Debtors. *See* ECF No. 159.

10. On October 25, 2022, the Delaware Bankruptcy Court transferred these cases to the Northern District of California, Oakland Division. *See* ECF No. 160.

11. The meeting of creditors under 11 U.S.C. § 341 was first held on October 26, 2022. The meeting was concluded on November 22, 2022. *See* ECF Nos. 162, 180; unnumbered docket entry dated November 25, 2022.

---

[2] On March 16, 2023, the UST provided comments to the Firm regarding the Amended First Interim Application.

[3] On March 8, 2023, the UST amended the appointment of the official committee of unsecured creditors. *See* ECF No. 460. The only change made to the committee appointment is that Skypower Secure Solutions, Inc.'s representative was updated. *Id*.

12. On March 1, 2023, the Firm filed its first interim fee application for the period between September 19, 2022 through November 30, 2022, requesting $362,100 in fees and $10,811.06 in expenses. *See* ECF No. 446. On March 14, 2023, the Firm amended its Amended First Interim Fee Application, requesting $361,980.50 in fees and $10,811.06 in expenses.[4] *See* ECF No. 465.

### III. OBJECTION

13. Bankruptcy Code Section 330(a)(1) provides that:

> [a]fter notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, … an examiner, … or a professional person employed under section 327 or 1103 –
>
> (A) *reasonable compensation for actual, necessary services* rendered by the trustee, examiner, professional person, … or attorney and by any paraprofessional person employed by any such person; and
>
> (B) reimbursement for actual, necessary expenses.

*See* 11 U.S.C. § 330(a)(1)(A) and (B) (emphasis added).

14. The fee applicant bears the burden of proof to show entitlement to the requested fees. *See In re Eliapo*, 298 B.R. 392, 402 (B.A.P. 9th Cir. 2003), *rev'd in part on other grounds*, 468 F.3d 592 (9th Cir. 2006); *In re Ginji Corp.*, 117 B.R. 983, 990 (Bankr. D. Nev. 1990) ("The applicant … has the burden of proof to show the reasonableness of the fees sought.").

15. A professional person may not be compensated for services that are unnecessarily duplicative. *See* 11 U.S.C. § 330(a)(4)(A)(i); *see also In re Genay-Wolf*, 2012 WL 2064527, at *2 (Bankr. D. Idaho June 7, 2012) ("The Court cannot allow compensation for unnecessary duplication of services ….").

---

[4] The Amended First Interim Fee Application reflects a voluntary write-off of $119.50 for an entry erroneously billed to this case. *See* Amended First Interim Application, at p. 2 of 120 n.3.

Page -4-

16. Nor may a professional person be compensated for services that are excessive in relation to the task accomplished. *See In re Mohsen*, 473 B.R. 779, 792 (Bankr. N.D. Cal. 2012); *In re SonicBlue Inc.*, 2006 WL 2067882, at *3 (Bankr. N.D. Cal. July 24, 2006) ("Hours that are excessive, redundant, or unnecessary in view of the services performed should not be compensated"). A court may rely on "its own experience" in determining whether billings are excessive. *See In re Rancourt*, 207 B.R. 338, 363 (Bankr. D.N.H. 1997).

A. **The Amended First Interim Fee Application Reflects Several Instances Where Multiple Attorneys Billed for Attending Hearings.**

17. The Firm's time records reflect several instances where multiple attorneys billed time for attending hearings along with Raines Feldman, the Debtors' co-counsel, in which the attorneys either did not actively participate in the hearings or an excessive number of attorneys from the Firm billed to attend the hearing. *See Exhibit A* to the Del Rosario Declaration.[5] Flagged hearings include the following: (i) time billed by Mr. Cairns and Ms. Caloway on September 21, 2022; (ii) time billed by Ms. Caloway on October 25, 2022; (iii) time billed by Mr. Pachulski and Mr. Litvak on November 8, 2022; and (iv) Mr. Pachulski on November 16, 2022. *Id*.

18. The fees associated with these entries total **$16,705**. *Id*. Absent an explanation, these fees should be denied. *See, e.g., In re Ginji Corp.*, 117 B.R. at 993 ("When the necessity for multiple attorneys at a hearing has not been shown, such expense is not reasonable"); *In re Sonicblue Inc.*, 2006 WL 2067882, at *6 ("Absent an explanation, participation by multiple attorneys in the same meeting, conference, or hearing constitutes non-compensable duplicative services."); *NDCA Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees* No. 16.

---

[5] *Exhibit A* to the Del Rosario Declaration contains a chart of specific fee objections, which was created using LEDES billing data provided by the Firm. *See* Del Rosario Declaration, at ¶¶ 2-3.

Case: 22-41079    Doc# 478    Filed: 03/21/23    Entered: 03/21/23 18:59:55    Page 5 of 9

## B. Only Fees for Services that were Actually Rendered Should be Awarded.

19. The Firm's time records include approximately two entries for which the recorded time exceeds the amount reflected in the underlying task descriptions. These entries include: (i) Mr. Densmore's time record for September 28, 2022 (.3 hours recorded vs. .2 hours in the task description); and (ii) Ms. Caloway's time record for October 3, 2022 (.4 hours recorded vs. .3 hours in the task description). *See Exhibit A* to the Del Rosario Declaration.

20. The Firm's fee request should be reduced by **$169** to reflect the apparent time miscounts. *See* 11 U.S.C. § 330(a)(1)(A) (services must be "actual, necessary"); *see also In re Nucorp Energy, Inc.*, 764 F.2d 655, 658 (9th Cir. 1985) ("[I]n reviewing the propriety of the bankruptcy court's decision to disallow compensation for services related to fee application preparation, *it is necessary to determine whether such services are 'actual and necessary'* ….") (emphasis added); *In re Temple Ret. Cmty., Inc.*, 97 B.R. 333, 336 (Bankr. W.D. Tex. 1989) ("The award of fees is discretionary, bounded by (1) whether the compensation is reasonable and (2) whether the services were *actually rendered* and were necessary.") (emphasis added).

## C. The UST Objects to Allowance of Fees for Services Rendered by Transitory Timekeepers.

21. The Firm's fee request includes approximately **$16,551.50** for the services of at least six attorneys who each billed less than ten hours on the case. *See* ECF No. 465, at p. 95 of 123; *Exhibit A* to the Del Rosario Declaration.

22. Timekeepers who work on large matters for only a few hours are often referred to as "transitory" timekeepers. *Cf. In re Quigley Co.*, 500 B.R. 347, 362 (Bankr. S.D.N.Y. 2013).

23. The primary concern with transitory billing is the cost of bringing attorneys up to speed "to the extent necessary to perform his or her task, and the theory goes that the cost of this education can be saved or minimized if attorneys already familiar with the case perform the service

Page -6-

Case: 22-41079    Doc# 478    Filed: 03/21/23    Entered: 03/21/23 18:59:55    Page 6 of 9

instead. This concern diminishes where the 'transitory' timekeeper provides services on an ad hoc basis within an area of expertise that is not possessed by the attorneys regularly assigned to the case or the task is so focused that it is unnecessary to spend time learning the details of the case." *See id*; *see also In re Jefsaba*, 172 B.R. 786, 801 (Bankr. E.D. Pa. 1994) ("It is inappropriate for each new addition to the team to bill for time spent reviewing the file or otherwise familiarizing him or herself with the matter.").

24. Thus, absent a satisfactory explanation, the UST requests that the Court reduce the Firm's compensation by **$16,551.50**, which is the amount of fees generated by the transitory timekeepers.

D. **Fees for Services Described in Vague Time Entries Should be Disallowed or Reduced.**

25. The Firm's time records include approximately 79 entries for which the task description may be too vague to allow the Court to make a meaningful assessment of the necessity of the communication and/or services described therein. *See Exhibit A* to the Del Rosario Declaration. The corresponding fees total approximately $20,225.

26. For instance: (i) On October 3, 2022, Ms. Caloway billed .40 to "[r]eview and revise draft notices of today's pleadings"; (i) on October 12, 2022, Ms. Jones billed 2.80 to "[w]ork on venue motion issues, strategy"; (iii) on October 12, 2022, Mr. Cairns billed .40 to "[r]eview correspondence and discuss various litigation issues with team"; (iv) on October 17, 2022, Ms. Paul billed 0.60 to "[m]aintain document control"; and (v) on October 20, 2022, Ms. Jones billed 1.50 for "[c]ontinued work on stay extension issues, strategy." *See Exhibit A* to the Del Rosario Declaration.

27. The fees associated with these time entries should be denied or reduced by 50% - approximately **$10,112.50**. *See, e.g., In re Sonicblue Inc.*, 2006 WL 2067882, at *8 ("To enable the court to determine whether the services are compensable, the timekeeper is also expected to identify the other party to the conference, meeting, telephone call, or correspondence. Where the time entry

Case: 22-41079    Doc# 478    Filed: 03/21/23    Entered: 03/21/23 18:59:55    Page 7 of 9

omits some critical element describing the services performed, it is not compensable. Time entries that contain such vague characterization of the services performed as 'attention to' and 'work on' fail to adequately describe the services provided."); *In re Virissimo*, 354 B.R. 284, 293 (Bankr. D. Nev. 2006) ("Vague entries … are not compensable."); *In re Bennett Funding Group, Inc.*, 213 B.R. 234, 244-45 (Bankr. N.D.N.Y. 1997) ("[T]ime entries for telephone calls must indicate the parties involved and the purpose and length of the conversation…. Entries such as 'telephone call with Mr. X' are insufficient descriptions of services …." ) (emphasis added); *NDCA Guidelines for Compensation and Expense Reimbursement of Professionals and Trustee*s No. 13.

28. Alternatively, if the Court is inclined to consider these time entries, then the Firm should be required to amend the Amended First Interim Fee Application to better describe the subject matter of the communications and services at issue. The UST reserves her rights to object to any and all amendments and supplements to the Amended First Interim Fee Application.

### IV. CONCLUSION

29. Based on the foregoing, the UST respectfully requests that the Court sustain the Objection and deny the Amended First Interim Fee Application to the extent it seeks (i) allowance of fees for excessive professionals to attend hearings; (ii) allowance of fees for which the recorded time exceeds the amounts reflected in the underlying task descriptions; (iii) allowance of fees for transitory timekeepers; and (iv) allowance of fees related to services that are insufficiently described.

30. The UST reserves her rights to object to any and all amendments and supplements to the Amended First Interim Fee Application.

Dated: March 21, 2023

Respectfully submitted,

TRACY HOPE DAVIS
UNITED STATES TRUSTEE

By: /s/ Elvina Rofael
Jason Blumberg
Elvina Rofael
Trial Attorneys for the United States Trustee