Maxim B. Litvak (SBN 215852)
**PACHULSKI STANG ZIEHL & JONES LLP**
One Sansome Street, Suite 3430
San Francisco, CA 94104
Telephone: 415.263.7000
Email: rpachulski@pszjlaw.com

Hamid R. Rafatjoo (SBN 181564*)*
**RAINES FELDMAN LITTRELL LLP**
1900 Avenue of the Stars, 19th Floor
Los Angeles, CA 90067
Telephone: 310.440.4100
Facsimile: 310.691.1367
Email: hrafatjoo@raineslaw.com

Carollynn H.G. Callari (*pro hac vice*)
David S. Forsh (*pro hac vice*)
**RAINES FELDMAN LITTRELL LLP**
1350 Avenue of the Americas, 22nd Floor
New York, NY 10019
Telephone: 917.790.7100
Email: ccallari@raineslaw.com
      dforsh@raineslaw.com

Counsel for Debtors and Debtors in Possession

The following constitutes the order of the Court.
Signed: December 14, 2023

**William J. Lafferty, III**
**U.S. Bankruptcy Judge**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

| | |
|---|---|
| In re:<br><br>MARINER HEALTH CENTRAL, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 4:22-bk-41079-WJL<br><br>(Jointly Administered)<br><br>**ORDER CONFIRMING DEBTORS' FIRST AMENDED JOINT PLAN OF REORGANIZATION**<br><br>Date:    December 11, 2023<br>Time:    11:00 a.m. (PT)<br>Place:   1300 Clay Street<br>         Oakland, CA 94612;<br>         Videoconference via Zoom<br><br>The Hon. William J. Lafferty III |

---

[1] The Debtors, along with the last four digits of each Debtor's tax identification number, are: Mariner Health Central, Inc. (6203), Parkview Holding Company GP, LLC (1536), and Parkview Operating Company, LP (7273). The Debtors' headquarters are located at 3060 Mercer University Drive, Suite 200, Atlanta, GA 30341.

The above-captioned debtors and debtors-in-possession (the "**Debtors**" or "**Proponents**") having proposed the *First Amended Joint Plan of Reorganization* [Dkt. 881] (together with all exhibits thereto, the "**Plan**");[2] the Court having conducted a hearing to consider confirmation of the Plan on December 11, 2023 (the "**Confirmation Hearing**") with appearances as noted on the record; and having considered the pleadings and evidence submitted in connection with confirmation of the Plan, and the arguments of counsel at the Hearing,

IT IS HEREBY FOUND AND DETERMINED THAT:

A. <u>Findings and Conclusions</u>. The findings of fact and conclusions of law set forth herein and on the record of the Confirmation Hearing constitute the Court's findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52, as made applicable herein by Bankruptcy Rules 7052 and 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B. <u>Jurisdiction and Venue</u>. The Court has jurisdiction over these bankruptcy cases pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court and in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

C. <u>Burden of Proof</u>. The Debtors have met their burden of proving the elements of sections 1129(a) and (b) of the Bankruptcy Code necessary to confirm the Plan by a preponderance of the evidence.

D. <u>Notice and Service</u>. The *Supplemental Declaration of Bambi Clark Regarding Tabulation of Ballots on Debtors' First Amended Joint Plan of Reorganization* [Dkt. 874] (the "**Voting Declaration**") and the certificates of service in respect to the Disclosure Statement and Plan solicitation materials [Dkt. No. 805] (the "**Solicitation Certification**"), and the other proofs of service in respect to related materials establish the transmittal and service of the Disclosure Statement, Plan and related solicitation materials and notices (including without limitation notice of all deadlines for objecting to, or voting to accept or reject, the Plan and of the proposed

---

[2] Capitalized terms used and not defined herein have the meaning ascribed in the Plan.

release, discharge, exculpation and injunction provisions of the Plan) in accordance with the Solicitation Procedures Order. Under the circumstances, such transmittal and service constitutes due, adequate and sufficient notice of the Plan and the Confirmation Hearing to all parties entitled to such notice under the Bankruptcy Code and Bankruptcy Rules, and no other or further notice is necessary or required.

E. <u>Solicitation</u>. The Proponents have solicited votes for acceptance and rejection of the Plan in good faith and in compliance with sections 1125 and 1126 of the Bankruptcy Code, Bankruptcy Rules 3017 and 3018, this Court's order approving the Disclosure Statement and certain solicitation and tabulation procedures [Dkt. 747] (the "**Solicitation Procedures Order**"), all applicable Bankruptcy Code provisions, and all other applicable rules, laws, and regulations. The Proponents are entitled to the protections of section 1125(e) of the Bankruptcy Code.

F. <u>Voting</u>. All procedures used to tabulate the Ballots were fair and conducted in accordance with the Solicitation Procedures Order, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and all other applicable rules, laws, and regulations.

G. <u>Plan Supplement</u>. The Debtors filed a plan supplement on October 16, 2023 [Dkt. 781] and a further supplement on December 4, 2023 [Dkt. 857] (together, the "**Plan Supplement**"). The information and documents comprising the Plan Supplement and the amendments or supplements thereto are integral to the Plan. Under the circumstances, the filing and service of such documents as set forth in the Solicitation Procedures Order constitutes due, adequate and sufficient notice thereof to all parties entitled to such notice under the Bankruptcy Code and Bankruptcy Rules, and no other or further notice is necessary or required.

H. <u>Post-Solicitation Modifications</u>. The amendments, modifications or alterations of the Plan subsequent to solicitation do not materially and adversely affect the treatment of any Claims or Interests pursuant to the Plan and otherwise are consistent with the terms of the Plan and section 1127 of the Bankruptcy Code. Such revisions do not require additional disclosure under section 1125 of the Bankruptcy Code or re-solicitation of votes under section 1126 of the Bankruptcy Code.

I. <u>Bankruptcy Rule 3016</u>. The Plan is dated and identifies the Debtors as proponents in accordance with Bankruptcy Rule 3016(a). The proponents appropriately filed the Disclosure Statement and the Plan with this Court, thereby satisfying Bankruptcy Rule 3016(b). The injunction provisions of the Plan and Disclosure Statement are set forth in bold and with specific and conspicuous language, thereby complying with Bankruptcy Rule 3016(c).

J. <u>Resolution of Objections</u>. Any dispositions or resolutions of objections to confirmation set forth on the record at the Confirmation Hearing are hereby incorporated by reference. All remaining unresolved objections, statements, informal objections, and reservations of rights, if any, related to the Plan, are overruled on the merits, with prejudice.

K. <u>Section 1129(a)(1)</u>. The Plan satisfies section 1129(a)(1) of the Bankruptcy Code because it complies with all applicable provisions of the Bankruptcy Code.

L. <u>Section 1129(a)(2)</u>. The Proponents have complied with all applicable provisions of the Bankruptcy Code, including without limitation sections 1122, 1123, 1124, 1125 and 1126 of the Bankruptcy Code, the Bankruptcy Rules, the Solicitation Procedures Order, and other orders of the Court.

M. <u>Section 1129(a)(3)</u>. The Plan has been proposed by the Proponents in good faith and not by any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code. In making this determination, the Court has considered the circumstances and record of these cases and the process leading to the filing of the Plan and the Confirmation Hearing. The Plan is the result of extensive arm's length negotiations among the Debtors, the Committee, and other key stakeholders, and has received broad support from creditors. The Plan is proposed to successfully consummate these cases, provide prompt and meaningful distributions to creditors, effect a reorganization of the Debtors under the Cash-Out Option, and to maximize creditor recoveries on a fair and equitable basis, and accordingly is consistent with the objectives and purposes of the Bankruptcy Code.

N. <u>Section 1129(a)(4)</u>. The payments made or to be made by the Debtors to professionals for services or costs in connection with the Plan or incident to the Bankruptcy

Cases, either have been approved by or are subject to the approval of the Court as reasonable. Thus, the Plan satisfies section 1129(a)(4) of the Bankruptcy Code.

O. <u>Section 1129(a)(5)</u>. The identities and affiliations of the individual(s) that will serve as directors and officers of the Debtors as reorganized after the Effective Date under the Cash-Out Option, and the nature of compensation of any insiders, has been adequately disclosed. The appointment of the directors and officers to such offices is consistent with the interests of creditors and with public policy inasmuch as all related objections, if any, were withdrawn prior to or at the Confirmation Hearing. As such, the Plan satisfies section 1129(a)(5) of the Bankruptcy Code.

P. <u>Section 1129(a)(6)</u>. The Plan does not provide for any changes in rates that require regulatory approval of any governmental agency. As such, section 1129(a)(6) of the Bankruptcy Code is inapplicable in this Bankruptcy Case.

Q. <u>Section 1129(a)(7)</u>. Each holder of an impaired Claim or Interest that has not accepted the Plan will, on account of such Claim or Interest, receive or retain property under the Plan having a value, as of the Effective Date, that is not less than the amount that such holder would receive or retain if the Debtor at issue was liquidated under chapter 7 of the Bankruptcy Code on such date. In making this determination, and after considering the arguments or evidence offered prior to or at the Confirmation Hearing, the Court finds that the liquidation analysis attached to the Disclosure Statement is reasonable, credible and persuasive, and utilizes reasonable and appropriate methodologies and assumptions. Accordingly, the Plan satisfies the requirements of section 1129(a)(7) of the Bankruptcy Code.

R. <u>Section 1129(a)(8)</u>. Classes 1A, 1B, 1C, 2A, 2B, and 2C are Unimpaired under the Plan and each is conclusively presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code. Classes 3A, 3B, 3C, 4A, 6A, 7A, 9A, 11A, 12A, 13A, 14A, 15A, 16A, 17A, 17B, 17C, 18A, 18B, 18C, 19A, 19B, 19C, and 20A have each voted to accept the Plan in accordance with section 1126(c) of the Bankruptcy Code. Because Class 8A has voted to reject the Plan, Classes 5A and 10A have not submitted any vote (and therefore have not accepted the Plan), and Classes 22A, 22B, 22C, 23A, 23B, and 23C are deemed to have rejected the Plan

pursuant to section 1126(g) of the Bankruptcy Code, the Plan does not satisfy the requirements of section 1129(a)(8) of the Bankruptcy Code. However, as set forth below, the Plan is confirmable because it satisfies the nonconsensual confirmation requirements pursuant to section 1129(b) of the Bankruptcy Code.

S. <u>Section 1129(a)(9)</u>. The treatment of Administrative Claims and Priority Claims under the Plan satisfies the requirements of section 1129(a)(9) of the Bankruptcy Code.

T. <u>Section 1129(a)(10)</u>. Classes 3A, 3B, 3C, 4A, 6A, 7A, 9A, 11A, 12A, 13A, 14A, 15A, 16A, 17A, 17B, 17C, 18A, 18B, 18C, 19A, 19B, 19C, and 20A are impaired and have voted to accept the Plan, determined without including any acceptance by any insider. Therefore, the requirements of section 1129(a)(10) of the Bankruptcy Code are satisfied.

U. <u>Section 1129(a)(11)</u>. Confirmation of the Plan is not likely to be followed by the liquidation or further financial reorganization of any Debtor or successor thereof, except as provided in the Plan. The Proponents' experience with skilled nursing facilities and promise to perform under the contracts and leases assumed by the Reorganized Debtors is adequate assurance of future performance thereunder. The evidence proffered or adduced by the Proponents at the Confirmation Hearing supports the feasibility of the Plan. Accordingly, the Plan satisfies the requirements of section 1129(a)(11) of the Bankruptcy Code.

V. <u>Section 1129(a)(12)</u>. The Plan provides for the payment by the Effective Date of all fees required under 28 U.S.C. § 1930(a), and thereby satisfies section 1129(a)(12) of the Bankruptcy Code.

W. <u>Section 1129(a)(13)-(16)</u>. The Debtors do not owe retiree benefits (as defined under section 1114 of the Bankruptcy Code), and accordingly section 1129(a)(13) does not apply to the Plan. Additionally, sections 1129(a)(14)-(16) of the Bankruptcy Code apply to individuals or nonprofit entities and are not applicable to the Bankruptcy Case.

X. <u>Section 1129(b)</u>. All of the requirements of section 1129(a) of the Bankruptcy Code, other than section 1129(a)(8), are satisfied by the Plan. Classes 5, 8, 10, 22A, 22B, 22C, 23A, 23B, and 23C have rejected or are deemed to have rejected the Plan (the "**Rejecting Classes**"). The Plan's classification scheme, including its treatment of the Rejecting Classes as

Non-Releasing Claimants, is appropriate as similarly situated Claims or Interests receive substantially similar treatment under the Plan and valid business, factual, and legal reasons exist for the separate classification and treatment of the Claims or Interests across the various Classes established under the Plan. In addition, no holder of any Claim or Interest that is junior to the Claims or Interests in any Rejecting Class will receive or retain any property under the Plan on account of such junior Claim or Interest, and no Class is receiving or retaining property under the Plan with a value greater than the Allowed amount of Claims in such Class. Without limiting the foregoing, the New Value Contribution is substantial, a necessary for the success of Cash-Out Option, and is more than reasonably equivalent to the value received. Therefore, the Plan does not discriminate unfairly, and is fair and equitable, with respect to each of the Rejecting Classes. Accordingly, the Plan satisfies the requirements of and may be confirmed under section 1129(b) of the Bankruptcy Code and may be confirmed.

Y. <u>Section 1129(c)</u>. The Plan is the only plan that has been filed in these cases, and accordingly the requirements of section 1129(c) of the Bankruptcy Code are satisfied.

Z. <u>Section 1129(d)</u>. The principal purpose of the Plan is neither the avoidance of taxes nor the avoidance of the application of section 5 of the Securities Act of 1933, and no party in interest, including but not limited to any governmental unit, has requested that the Court deny confirmation of the Plan on such grounds. Accordingly, the Plan satisfies the requirements of section 1129(d) of the Bankruptcy Code.

AA. <u>Section 1129(e)</u>. Section 1129(e) of the Bankruptcy Code is not applicable to these bankruptcy cases.

BB. <u>Securities</u>. The offering, issuance and distribution of any securities pursuant to the Plan, including without limitation any equity interest in any reorganized Debtor pursuant to the Cash-Out Option, are subject to, or made in good faith and in reliance on, exemptions from section 5 of the Securities Act of 1933 and any state or local laws requiring registration or licensing for issuers, underwriters or brokers, pursuant to section 1145 of the Bankruptcy Code, section 4(a)(2) of the Securities Act, or any other applicable exemption under the Securities Act.

CC. <u>Executed Contracts and Unexpired Leases</u>. The Plan provides for the assumption of all executory contracts or unexpired leases of the Debtors under the Cash-Out Option as of the Effective Date, with certain exceptions set forth in Article V of the Plan, and for all executory contracts or unexpired leases to be rejected under the Litigation Only Alternative. No counterparties have objected to the proposed treatment of any executory contract or unexpired lease under the Plan. The Plan is consistent with section 1123(b)(2) of the Bankruptcy Code and satisfies the requirements of section 365 of the Bankruptcy Code.

DD. <u>Releases</u>. The releases set forth in Article VIII of the Plan are a material element of the settlements and transactions incorporated into and to be effectuated by the Plan; are important to facilitate an overall resolution with respect to the Debtors' reorganization among the parties in interest pursuant to the Cash-Out Option; and are consistent with sections 105, 1123 and 1129 of the Bankruptcy Code and all other applicable law.

EE. <u>Debtor Releases</u>. The releases by the Debtors pursuant to Article VIII(D) of the Plan under the Cash-Out Option are supported by consideration and are (i) fair, equitable and reasonable, (ii) integral elements of the Debtors' reorganization and resolution of these cases, and without which the Debtors' ability to confirm the Plan would be seriously impaired, and (iii) in the best interests of the Debtors, their estates and creditors.

FF. <u>Third Party Releases</u>. Article VIII(E) of the Plan provides for certain releases of non-Debtor parties under the Cash-Out Option by creditors who are entitled to vote on the Plan and (a) have voted to accept the Plan's Cash-Out Option and consent to third-party releases or (b) have affirmatively "opted-in" to provide such releases. The foregoing was explicitly and conspicuously stated in the ballots sent to creditors entitled to vote in accordance with the Solicitation Procedures Order and served as set forth in the Solicitation Certification. The releases under Article VIII(E) of the Plan were also disclosed in the Disclosure Statement, the Plan, the notice of Confirmation Hearing, and were served as set forth in the Solicitation Certification. Accordingly, the releases under Article VIII(E) of the Plan are consensual and binding on all creditors to the extent set forth therein.

GG. <u>Exculpation</u>. The exculpation set forth in Article VIII(F) of the Plan is an integral element of the Plan, was proposed in good faith, is appropriately limited in scope, and includes a carve-out for actual fraud, gross negligence, and willful misconduct. The parties to be so exculpated have participated in good faith in formulating and negotiating the Plan, and have substantially contributed thereto, and accordingly such exculpation is reasonable and appropriate under the circumstances.

HH. <u>Injunction</u>. The injunctions set forth in Article VIII(G) of the Plan are necessary to implement, preserve and enforce the Debtors' discharge, and the releases and exculpation of Articles VIII(D) and VIII(E) of the Plan, and are narrowly tailored to achieve this purpose.

II. <u>Plan Conditions to Confirmation</u>. All conditions to confirmation set forth in the Plan have been satisfied or waived in accordance with the terms of the Plan.

JJ. <u>Plan Conditions to Consummation</u>. Each of the conditions to the Effective Date under the Plan, as set forth in Article IX therein, is reasonably likely to be satisfied or waived in accordance with the terms of the Plan.

KK. <u>Waiver of Stay</u>. Under the circumstances, good cause exists to waive the stay imposed by Bankruptcy Rule 3020(e).

On the foregoing findings and conclusions and on the record at the Confirmation Hearing, and good cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. <u>Confirmation</u>. The Plan, including all exhibits thereto as modified on the record at the Confirmation Hearing and all documents of the Plan Supplement, filed as Docket No. 881 and as to be implemented through the Cash-Out Option, is hereby approved and confirmed pursuant to section 1129 of the Bankruptcy Code. All objections or reservations of rights pertaining to confirmation of the Plan that have not been withdrawn, waived or otherwise resolved (including at the Confirmation Hearing) are hereby overruled on the merits and denied.

2. <u>Implementation</u>. The Proponents and Reorganized Debtors, as appropriate, are hereby authorized to take all actions as necessary, appropriate, or desirable to enter into, implement, and consummate the transactions contemplated by the Plan and the contracts,

instruments, releases, leases, agreements, or other documents created or executed in connection with the Plan Documents.

3. <u>Effective Date</u>. The Effective Date of the Plan shall occur on the date, as determined by the Proponents, when the conditions set forth in Article IX of the Plan have been satisfied or waived in accordance with the Plan, and notice thereof shall be filed on the docket within two business days by the Reorganized Debtors.

4. <u>Binding Effect</u>. Subject to the occurrence of the Effective Date, the provisions of the Plan and this Order shall be binding upon: (a) the Reorganized Debtors; (b) all Professionals; (c) all non-Debtor parties to judicial or administrative proceedings in which any Debtor is a party; (e) all Holders of Claims or Interests; (f) all non-Debtor parties to executory contracts or unexpired leases with any Debtor; (g) all Persons that received or may be deemed to have received notice of the Plan and the Confirmation Hearing; and (h) the respective heirs, executors, administrators, trustees, affiliates, officers, directors, agents, representatives, attorneys, beneficiaries, guardians, successors or assigns, if any, of any of the foregoing. All settlements, compromises, releases, waivers, exonerations, and injunctions set forth in the Plan shall be, and hereby are, effective and binding on all Persons who may have had standing to assert any settled, released, exculpated, or enjoined causes of action, and no Person shall possess standing to assert such causes of action after the Effective Date.

5. <u>Vesting of Estate Property; Transfers</u>. On the Effective Date, all assets, property, or interests of each Debtor's estate, including without limitation all Estate Causes of Action, shall vest in each reorganized Debtor, free and clear of all Liens, Claims (including without limitation under any theory of successor, successor-in-interest or transferee liability), charges, or other encumbrances, except as otherwise expressly provided in any Plan Document or this Order. Without limiting the foregoing, the rights of any Debtor to commence, pursue, adopt, or defend any argument or claim alleged in any lawsuit in which any Debtor is a defendant or an interested party, against any entity (including without limitation plaintiffs in such lawsuits), are preserved for the Reorganized Debtors.

6. _Exemptions_. The issuance, transfer or exchange of a security under the Plan, or the making or delivery of an instrument of transfer of property under the Plan, shall not be subject to any stamp or similar tax to the fullest extent provided by section 1146(a) of the Bankruptcy Code, whether such action is taken by the Debtors, Reorganized Debtors, or any other Person. Pursuant to section 1145 of the Bankruptcy Code, the issuance of any equity interests in the Reorganized Debtors is exempt from registration under the Securities Act of 1933, as amended, and all rules and regulations promulgated thereunder and any state or local law requiring registration prior to the offering, issuance, distribution, or sale of securities.

7. _Compromises_. In consideration for the distributions and other benefits, including releases, provided under the Plan, the provisions of the Plan constitute a good faith compromise and settlement of all Claims, Interests, and controversies resolved under the Plan and the entry of this Order constitutes approval of such compromise and settlement.

8. _Discharge_. On the Effective Date, the Debtors are discharged from any debt arising before the date of confirmation and from any debt of a kind specified in section 502(g), 502(h), or 502(i) of the Bankruptcy Code.

9. _Debtor Releases_. Article VIII(D) of the Plan is hereby approved in its entirety, incorporated into this Order as if set forth in full herein, and, subject to the occurrence of the Effective Date, is immediately effective and binding in accordance with its terms.

10. _Third Party Releases_. Article VIII(E) of the Plan is hereby approved in its entirety, incorporated into this Order as if set forth in full herein, and, subject to the occurrence of the Effective Date, is immediately effective and binding in accordance with its terms.

11. _Exculpation_. Article VIII(F) of the Plan is hereby approved in its entirety, incorporated into this Order as if set forth in full herein, and, subject to the occurrence of the Effective Date, is immediately effective and binding in accordance with its terms.

12. _Injunction_. Article VIII(G) of the Plan is hereby approved in its entirety, incorporated into this Order as if set forth in full herein, and, subject to the occurrence of the Effective Date, is immediately effective and binding in accordance with its terms. Without limiting the foregoing, effective as of the Effective Date, all existing Claims against and Interests

in the Debtors shall be, and shall be deemed to be, discharged and terminated, and all Liens against or security interests in any Estate property shall be, and shall be deemed to be, released and discharged, and the Reorganized Debtors shall have no liability on account of any and all such Claims or Interests, except to the extent expressly provided by the Plan or this Order.

13. <u>Executory Contracts and Unexpired Leases</u>. On the Effective Date, each Executory Contract and Unexpired Lease of the Debtors is assumed, without the need for further action by any party or order of the Court, except for any such contract or lease that was previously assumed or rejected, or that previously expired or terminated in accordance with its terms. For the avoidance of doubt, all executory contracts entered into by the Debtors postpetition are assumed by the Reorganized Debtors. Any defaults under an Executory Contract or Unexpired Lease assumed pursuant to the Plan agreement that requires cure under section 365(b) of the Bankruptcy Code, shall be cured by payment or performance (i) in the ordinary course of operations after the Effective Date, (ii) as agreed to by the parties to such contract, or (iii) as ordered by the Court after a motion by any party to such contract and a hearing. All Proofs of Claim with respect to Claims arising from any rejection of an Executory Contract or Unexpired Lease by operation of the Plan and this Order, if any, must be Filed within thirty (30) days after the Effective Date. Any such Claims not timely filed shall be forever barred.

14. <u>Insurance</u>. In accordance with Article V(D) of the Plan, the Debtors shall be deemed to have assumed, and the Reorganized Debtors shall accede to, all insurance policies and any agreements, documents, and instruments relating to coverage of all insured Claims. Subject to the foregoing and Article V(F) of the Plan, nothing in the Plan or this Order alters the rights and obligations of the Debtors under applicable insurance policies (and the agreements related thereto) or modifies the coverage provided thereunder or the terms and conditions thereof.

15. <u>Administrative Expense Claims</u>. In accordance with Article II(A) of the Plan, all Administrative Expense Claims shall be satisfied, as and when Allowed, by payment in full and in Cash or as otherwise agreed to by such Holder, in the ordinary course and without the need for the filing of a related Proof of Claim.

16. <u>Professional Compensation</u>.  Each Professional shall file an application for allowance of final compensation and reimbursement of expenses in these cases for the period through the Effective Date, no later than thirty (30) days after the Effective Date, and objections to any such applications shall be filed within thirty (30) days thereafter.  Any professional fees and reimbursements or expenses incurred by the Reorganized Debtors subsequent to the Effective Date may be paid without application to the Court.  For avoidance of doubt, notwithstanding the foregoing, ordinary course professionals and SierraConstellation Partners LLC are not required to file final fee applications and any payments to such professionals will be made in accordance with the applicable order authorizing or approving their retention.  Prior to the Effective Date, the Debtors shall establish and fund the Professional Fee Reserve Account, in accordance with the Plan, to be disbursed solely in satisfaction of Professional Fee Claims as and when Allowed pursuant to further orders of the Court.

17. <u>Statutory Fees</u>.  Fees payable pursuant to 28 U.S.C. § 1930 shall be paid pursuant to Article II(D) of the Plan.

18. <u>Prior Orders</u>.  Subject to the terms of the Plan and this Order, all prior orders entered in these cases, and all documents and agreements executed by the Debtors as authorized and directed thereunder, shall be binding upon and shall inure to the benefit of the Reorganized Debtors in accordance with the Plan.

19. <u>Provisions Regarding the United States</u>.  Notwithstanding any provision in the Plan, the Plan Documents or this Order, nothing shall (1) discharge, release, enjoin, impair or otherwise preclude (a) any liability to the United States that is not a Claim, (b) any Claim of the United States arising after the Effective Date, or (c) any liability of any entity or person under police or regulatory statutes or regulations as the owner, lessor, lessee or operator of property or rights to property that such entity owns, operates or leases after the Effective Date; (2) affect or impair the exercise of the United States' police and regulatory powers against the Debtors, the Reorganized Debtors or any non-debtor arising after the Effective Date; (3) be interpreted to set cure amounts for or to require the United States to novate or otherwise consent to the transfer of any federal contracts, purchase orders, agreements, leases, covenants, guarantees,

indemnifications, operating rights agreements or other interests (collectively, "**Federal Interests**"); (4) affect any valid right of setoff or recoupment of the United States against any of the Debtors; provided, however, that the rights and defenses of the Debtors with respect thereto are fully preserved (other than any rights or defenses based on language in the Plan, Plan Document or this Order that may extinguish or limit setoff or recoupment rights); (5) constitute an approval or consent by the United States to the transfer of any Federal Interest, governmental license, permit or registration without compliance with all applicable legal requirements and approvals under non-bankruptcy law; (6) relieve any party from compliance with all licenses and permits issued by governmental units in accordance with non-bankruptcy law; or (7) grant exclusive jurisdiction to this Court for any Claim or Cause of Action by or against the United States except to the extent set forth in 28 U.S.C. § 1334 (as limited by any other provisions of the United States Code) without regard to the confirmation of the Plan or the occurrence of the Effective Date. The United States shall be a Non-Releasing Claimant and is not subject to, nor grants, any Non-Debtor Releases. The Debtors are subject to a federal investigation concerning the Small Business Administration's Paycheck Protection Program. Notwithstanding anything to the contrary in the Plan, Plan Documents or Confirmation Order, nothing shall limit or prejudice such investigation, the United States' rights, or any liability arising therefrom; *provided*, *however* that the treatment or satisfaction of any resulting Claim shall be in accordance with the Plan or as otherwise provided by the Bankruptcy Code, and all of the Debtors' and the Reorganized Debtors' rights, arguments or defenses arising under applicable bankruptcy or non-bankruptcy law and existing as of the date hereof are hereby preserved.

20. <u>Committee Dissolution</u>. On the Effective Date, the Committee will dissolve, and the members of the Committee and the Committee's Professionals will cease to have any duty, obligation, or role arising from or related to these cases, except for the filing of applications for compensation in accordance with the Plan and that the Committee shall have the right to be heard with respect to final applications for compensation.

21. <u>Authorization in Furtherance of Plan</u>. Each federal, state, commonwealth, local, foreign, or other governmental agency is hereby authorized to accept any and all documents,

mortgages, filings and instruments necessary or appropriate to effectuate, implement, or consummate the transactions contemplated by the Plan and this Order.

22. <u>Construction; Interpretation</u>. The failure to specifically describe or include any particular provision of the Plan or any related document in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Plan (including any exhibits thereto and the Plan Supplement) be approved and confirmed in its entirety. Except as expressly provided by this Order, each provision of the Plan is valid and enforceable in accordance with its terms and is nonseverable and mutually dependent. In the event of any conflict between the Plan and any other agreement, instrument, or document intended to implement the provisions of the Plan, on the other, the provisions of the Plan shall govern (unless otherwise expressly provided for in such agreement, instrument, or document). In the event of any conflict between this Order and the Plan or any other agreement, instrument, or document intended to implement the provisions of the Plan, the terms of this Order shall govern.

23. <u>Jurisdiction</u>. From and after the Effective Date, to the fullest extent that is legally permissible and provided for in the Plan, the Court shall retain jurisdiction over all matters arising out of, and related to, these bankruptcy cases and this Order.

24. <u>Final Order</u>. Notwithstanding Bankruptcy Rule 3020(e), this Order shall be effective and enforceable immediately upon entry. This Order is a final order, and the period in which an appeal must be filed shall commence immediately upon the entry hereof.

**END OF ORDER**

Court Service List

All by NEF.